IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 113,762

STATE OF KANSAS,
*Appellee*,

v.

ROBERT L. BRAUN,
*Appellant*.

SYLLABUS BY THE COURT

Under the facts of this case, an appellate court holding that a district court should have suppressed evidence and the conviction based on that evidence was invalid cannot use stipulated facts to find the error was harmless because a defendant could have been found guilty of an alternative charge. The parties agreed the stipulated facts would not apply if the evidence was suppressed.

Review of the judgment of the Court of Appeals in an unpublished opinion filed December 15, 2017. Appeal from Ellis District Court; GLENN R. BRAUN, judge. Opinion filed August 28, 2020. Judgment of the Court of Appeals affirming the district court is reversed. Judgment of the district court is reversed, and the case is remanded with directions.

*Michael S. Holland II,* of Holland and Holland, of Russell, was on the brief for appellant.

*Amanda G. Voth*, assistant solicitor general, and *Derek Schmidt*, attorney general, were on the brief for appellee.

1

The opinion of the court was delivered by

LUCKERT, C.J.:  Following a bench trial on stipulated facts, a district court convicted Robert Braun of violating K.S.A. 2012 Supp. 8-1567(a)(2) by driving with a blood alcohol content of more than 0.08 as measured within three hours of driving. Braun appealed, arguing the district court erred in denying his motion to suppress the blood test.

The Court of Appeals panel agreed the district court should have suppressed the blood test result. But it held the outcome of the trial would have been the same even without the error and the district court thus committed a harmless error. The panel reasoned that the stipulation included facts that support a conviction on an alternative charge that was not a part of the district court's judgment. In that charge, brought under K.S.A. 2012 Supp. 8-1567(a)(3), the State alleged Braun drove while under the influence to a degree rendering him incapable of safely operating a vehicle. *State v. Braun*, No. 113,762, 2017 WL 6396668, at *2-3 (Kan. App. 2017) (unpublished opinion).

On petition to this court, Braun argues the panel erred when it concluded he could be guilty of the alternative charge. He contends the panel made findings of fact on elements defined in K.S.A. 2012 Supp. 8-1567(a)(3)—elements never considered by the district court—thus violating his constitutional right to have facts determined by a fact-finder. As part of this argument, he asserts the panel could not rely on the factual stipulations because the parties agreed the stipulation served the limited purpose of allowing him to appeal the suppression issue and would not be used if the evidence was ultimately suppressed.

We agree that the Court of Appeals went beyond the parties' agreement when it relied on the stipulated facts to hold that the district court could have convicted Braun on

2

the alternative charge. We thus reverse the Court of Appeals' harmless error analysis and remand for further proceedings.

FACTUAL AND PROCEDURAL BACKGROUND

According to the stipulated facts, a Kansas Highway Patrol Trooper had stopped another driver when Braun pulled up behind the parked patrol car. The trooper tried to wave Braun around, but Braun did not move.

The trooper approached and asked Braun to lower his window. Braun had trouble with the window controls and lowered the rear windows. He opened the driver's door and the trooper immediately smelled a strong odor of alcohol. When the trooper asked Braun if he had been drinking, Braun replied that he had been drinking water. The trooper told Braun he planned to conduct sobriety tests, and he asked Braun to exit the vehicle. As Braun got out of the vehicle, he was swaying, hanging onto the door, and stumbling.

Braun repeatedly asked why the trooper pulled him over. When the trooper explained he had not stopped Braun, Braun said, "If you didn't pull me over, then who did?" Braun then said, "I should not be driving, officer, I'm sorry." Braun admitted he had been drinking.

Braun could not perform the sobriety tests and claimed he had a bad hip. The trooper gave Braun the written and oral implied consent advisories statutorily required by K.S.A. 2012 Supp. 8-1001(k), which at the time warned of criminal consequences for refusing a blood alcohol test. The trooper asked Braun to submit to a blood test. Braun replied, "[Y]ea, sure, whatever." Without obtaining a search warrant, the trooper arranged and observed a blood draw that occurred 80 minutes after Braun last drove. The Kansas

3

Bureau of Investigation analyzed the blood and determined Braun had an alcohol level of 0.24 grams per 100 milliliters of blood.

The State charged Braun with DUI under K.S.A. 2012 Supp. 8-1567(a)(2) for having a blood alcohol content of more than 0.08 as measured within three hours of driving. It also charged him in the alternative with driving while under the influence to a degree rendering him incapable of safely operating a vehicle under K.S.A. 2012 Supp. 8-1567(a)(3).

Braun moved to suppress the results of the blood test based on the unconstitutionality of the search, arguing the Kansas implied consent law was unconstitutionally coercive because of the threat of criminal sanctions for refusal to submit to testing. The district court denied the motion, Braun waived his right to a jury trial, and the case proceeded to a bench trial on stipulated facts. The parties conditioned the stipulation of facts so that it could be used for consideration of the motion to suppress or as necessary to preserve Braun's arguments about the motion:

> "THE STATE and the defendant further stipulate and agree that the following Stipulation of Fact will only be binding upon the defendant, or the Court, for purposes of the Court's determination of the defendant's Motion to Suppress and if the Motion to Suppress is denied for the Court to determine the defendant's guilt or innocence at a bench trial in order for the defendant to preserve his right to appeal before the Kansas Appellate Courts. The parties stipulate and agree that should the Kansas Appellate Courts ultimately grant the defendant's Motion to Suppress and vacate his conviction based upon the following Stipulation of Fact that the Stipulation of Fact would no longer be binding upon the parties and that the defendant would not be bound by the Stipulation of Fact for any further proceedings upon remand by the Kansas Court of Appeals."

4

The district court found Braun guilty of DUI under K.S.A. 2012 Supp. 8-1567(a)(2) (having a blood alcohol content of more than 0.08 as measured within three hours of driving). The journal entry does not mention the alternative charge, K.S.A. 2012 Supp. 8-1567(a)(3) (driving while under the influence to a degree rendering him incapable of safely operating a vehicle).

Braun appealed, arguing that the district court erred in denying his motion to suppress the results of his blood test, which he contended resulted from a coerced consent. The Court of Appeals panel agreed, citing *State v. Ryce*, 303 Kan. 899, 903, 368 P.3d 342 (2016), *aff'd on reh'g* 306 Kan. 682, 396 P.3d 711 (2017) (holding statute that made it a crime to refuse to submit to a blood alcohol test was facially unconstitutional), and *State v. Nece*, 303 Kan. 888, 889, 367 P.3d 1260 (2016), *aff'd on reh'g* 306 Kan. 679, 396 P.3d 709 (2017) (holding informed consent based on unconstitutional threat of criminal charges if refused was unduly coercive). *Braun*, 2017 WL 6396668, at *3-4.

The panel then turned to consideration of whether the district court's error was harmless. Reviewing the facts in the stipulation, the panel determined sufficient evidence in the stipulated facts established Braun committed the alternative charge of driving under the influence of alcohol to a degree that rendered him incapable of safely operating a vehicle under K.S.A. 2012 Supp. 8-1567(a)(3). It thus concluded the failure to suppress the evidence was harmless, and it affirmed Braun's conviction. 2017 WL 6396668, at *3-4.

Braun timely petitioned for review of the Court of Appeals determination the failure to suppress was harmless. We granted his petition and have jurisdiction under K.S.A. 20-3018(b) (petition for review of Court of Appeals decision).

The State did not cross-petition or file a supplemental brief challenging the Court of Appeals' finding that the district court should have suppressed the blood test based on controlling authority from this court. The question of error, therefore, is not now at issue. The test results of Braun's blood alcohol content are suppressed and his conviction under K.S.A. 2012 Supp. 8-1567(a)(2) is invalid.

The sole question before us is whether the Court of Appeals erred in finding that error harmless. See Supreme Court Rule 8.03 (2017 Kan. S. Ct. R. 53) (subsection [b] permits a cross-petition; subsection [c][3] allows a response to include alternative grounds for affirming the Court of Appeals; subsection [h][1] provides that issues subject to review include "all issues properly before the Court of Appeals which the petition for review or cross-petition allege were decided erroneously by the Court of Appeals"); *State v. Davey*, 306 Kan. 814, 819, 397 P.3d 1190 (2017) ("[T]he State has not challenged—either through a cross-petition for review or in its supplemental brief to this court—the Court of Appeals' implied ruling in favor of [the defendant] on the State's nonpreservation claim."); *State v. Ortega*, 300 Kan. 761, 777-78, 335 P.3d 93 (2014) ("The State did not file a cross-petition . . . . Hence, the question of error as to any of these issues is not before us; we only review the Court of Appeals' conclusion that the errors were harmless.").

ANALYSIS

Braun mainly argues the Court of Appeals violated his due process rights as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. Citing *State v. Gould*, 271 Kan. 394, 23 P.3d 801 (2001), and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), Braun contends due process requires that the finder of fact—either a jury or a district court judge—

determine guilt. He notes the district court made no findings under K.S.A. 2012 Supp. 8-1567(a)(3) about whether he drove while under the influence to a degree rendering him incapable of safely operating a vehicle. He thus argues the Court of Appeals violated his due process rights.

But Braun also raises a threshold question: Was the stipulation conditioned or limited so that a court could not use it to adjudge Braun's guilt on the alternative count? He argues the parties made clear that the stipulated facts served as a procedural mechanism for resolving the legal issues surrounding his motion to suppress and that they intended to have the opportunity to litigate the alternative charge.

We agree with Braun that the language of the stipulation makes clear he was using the trial by stipulation to preserve and resolve the legal questions about his motion to suppress. Using a stipulation in such a fashion is a fairly common practice. This court has acknowledged the strategic realities of proceeding on stipulated facts: When a conviction is likely certain, stipulating and proceeding to a bench trial preserves a party's rights to appeal—a right they would forfeit by pleading guilty or no contest. *State v. Kelly*, 295 Kan. 587, 592-93, 285 P.3d 1026 (2012).

That said, parties are ordinarily bound by their stipulation of facts and cannot challenge those facts on appeal. *State v. Bogguess*, 293 Kan. 743, 745, 268 P.3d 481 (2012); see *Kelly*, 295 Kan. at 590-91; *Double M Constr. v. Kansas Corporation Comm'n*, 288 Kan. 268, Syl. ¶ 1, 202 P.3d 7 (2009); see also *Wentz Equip. Co. v. Missouri Pac. R. Co.*, 9 Kan. App. 2d 141, 142, 673 P.2d 1193 (1983) (recognizing general rule but noting courts are not bound by stipulations as to controlling law or jurisdiction).

7

But parties can agree to conditions that limit the circumstances where stipulated facts can be used. And a court is bound by any such conditions or limitations. See *Wentz Equip. Co.*, 9 Kan. App. 2d at 142 ("'Valid stipulations as to evidence are binding on the court, which is bound to enforce them; and the court cannot go beyond the terms of the stipulation.'"); see also *Griffin Contracting Co. v. Hawkeye-Sec. Ins. Co.*, 867 S.W.2d 602, 605 (Mo. Ct. App. 1993) (stipulations do not bind courts if terms prevent or prohibit use in a particular proceeding).

*Griffin Contracting* presents an analogous situation. There, the parties "'stipulate[d] and agree[d] that *this case* may be submitted . . . on the following uncontroverted facts.'" One of the facts stated: "'Griffin Contracting *filed the instant action seeking a declaration* by this Court that, . . . Hawkeye is obligated to defend and indemnify Griffin Contracting.'" 867 S.W.2d at 605. After the stipulation, Griffin Contracting amended its petition to allege a different theory—breach of contract. The defendant Hawkeye sought to use the stipulated facts to resolve the breach of contract claim, but plaintiff Griffin Contracting argued the intent of the parties was to limit the stipulation to the declaratory judgment theory.

On appeal, the Court noted that "it is clear that the rules of contracts apply to stipulations, and as in the construction of contracts, . . . stipulations are construed in terms of the surrounding circumstances and the intent of the parties." 867 S.W.2d at 604. Pointing to the language about "'this case'" and "'filed [in] the instant action'" and noting the timing of the stipulation and the amendment to the petition, both the trial court and the appellate court agreed that "the parties did not intend that the stipulation would apply to any controversy except the declaratory judgment action." 867 S.W.2d at 605.

8

In Braun's case, the stipulation was likewise conditional—the parties agreed that the stipulation applied to consideration of the motion to suppress and the bench trial determination of guilt, but that if:

"the Kansas Appellate Courts ultimately grant the defendant's Motion to Suppress and vacate his conviction based upon the following Stipulation of Fact that the Stipulation of Fact would no longer be binding upon the parties and that the defendant would not be bound by the Stipulation of Fact for any further proceedings upon remand by the Kansas Court of Appeals."

Through these conditions, the parties expressed an intent to preserve Braun's rights to litigate if he prevailed on the merits of his motion to suppress. The Court of Appeals did not use the word "vacate" nor did it remand his case, raising some question about whether the parties intended the stipulation to apply here. But, just as the stipulation in *Griffin Contracting* unambiguously conveyed the parties' intent despite not explicitly or precisely stating the condition, Braun's imprecise stipulation unambiguously limited the use of the stipulation to the charge that depended on proof of his blood alcohol level.

Lack of precision in language or the failure to list all circumstances of a similar nature does not necessarily make a party's intent ambiguous. "'The language in a contract is ambiguous when the words used to express the meaning and intention of the parties are insufficient in a sense the contract may be understood to reach two or more possible meanings.' [Citation omitted.]" *Mobile Acres, Inc. v. Kurata*, 211 Kan. 833, 838, 508 P.2d 889 (1973). Here, there is one possible meaning conveyed:  The purpose of the stipulation was solely to determine the issue of law arising from Braun's motion to suppress.

9

The parties agreed to language that first explained the stipulation was for the purpose of the district court's consideration of Braun's motion to suppress and, if the motion was denied, for a trial intended "to preserve his right to appeal before the Kansas Appellate Courts." A trial on the alternative charge would not have preserved the issue. Instead, it would have made it moot. And the fact the district court did not make the findings that would have brought finality to the case conveys that everyone in the district court courtroom understood the intent that the stipulation extended only to the blood alcohol charge, not the alternative charge.

The stipulation also conveys that the facts would not be binding if an appellate court determined that a conviction based on K.S.A. 2012 Supp. 8-1567(a)(2) was not valid. Although the parties used the word "vacate" and the Court of Appeals did not, it set aside the conviction based on blood alcohol content. And K.S.A. 2019 Supp. 60-261, which states Kansas' statutory harmless error rule, provides that a harmless error will not be grounds "for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order." In this sense, even though the Court of Appeals did not use the word vacate, that is what it did. And once the conviction was vacated, "the Stipulation of Fact would no longer be binding upon the parties." The remaining language, although couched in terms of what would happen on remand, reveals that the parties intended to have the opportunity to litigate the alternative count.

We thus hold the Court of Appeals panel erred by not considering and applying the conditions that limited the binding nature of the parties' stipulation. Because we reach that holding, we need not address whether the panel violated Braun's due process rights by convicting him on an alternative count not addressed by the district court. As anticipated in the parties' stipulation and based on the panel's holding the district court erred in denying Braun's motion to suppress—a holding not before us—we reverse his

conviction and remand for further proceedings related only to the alternative count of driving while under the influence to a degree rendering him incapable of safely operating a vehicle under K.S.A. 2012 Supp. 8-1567(a)(3).

Judgment of the Court of Appeals affirming the district court is reversed. Judgment of the district court is reversed, and the case is remanded with directions.

MICHAEL E. WARD, Senior Judge, assigned.[1]

---

[1]**REPORTER'S NOTE:** Senior Judge Ward was appointed to hear case No. 113,762 under the authority vested in the Supreme Court by K.S.A. 20-2616 to fill the vacancy on the court by the retirement of Chief Justice Lawton R. Nuss.