IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 126,770

STATE OF KANSAS,
*Appellee*,

v.

TAKOTA ANDERSON,
*Appellant.*

SYLLABUS BY THE COURT

1.

K.S.A. 22-3216(2) contains three key components imposing respective duties on the defendant, the prosecution, and the district court. If a defendant fails to "state facts" alleging "the search and seizure were unlawful," the obligations of the prosecution and the district court are not triggered.

2.

K.S.A. 22-3216(2) requires that a suppression motion identify specific factual circumstances and explain why those circumstances render the search or seizure unlawful.

Review of the judgment of the Court of Appeals in an unpublished opinion filed January 24, 2025. Appeal from Ellsworth District Court; STEVEN JOHNSON, judge. Submitted without oral argument September 11, 2025. Opinion filed January 16, 2026. Judgment of the Court of Appeals dismissing the appeal is affirmed.

1

*Michael S. Holland II*, of Holland and Holland, of Russell, was on the brief for appellant.

*Paul J. Kasper*, county attorney, and *Kris W. Kobach*, attorney general, were on the briefs for appellee.

The opinion of the court was delivered by

BILES, J.: In his defense on a charge of driving under the influence, Takota Anderson moved to suppress evidence, including his preliminary breath test results. Among the several arguments made, he claimed "any consent" he may have given before the test was involuntary. The district court denied the motion without addressing the voluntariness issue. On appeal, he pursued only that claim. A Court of Appeals panel majority dismissed the appeal for lack of preservation. *State v. Anderson*, No. 126,770, 2025 WL 290004, at *1, 10 (Kan. App. 2025) (unpublished opinion). The dissent disagreed, contending the issue was preserved, the record allowed for appellate review, and, at the very least, the case should be remanded for the district court to clarify the denial's factual basis. *Anderson*, 2025 WL 290004, at *6-9 (Hurst, J., dissenting).

Anderson seeks our review. We agree with the panel majority. The issue was not properly raised in the district court, so we affirm the dismissal.

FACTUAL AND PROCEDURAL BACKGROUND

A Kansas Highway Patrol trooper stopped Anderson for speeding. Observing signs of alcohol use and impairment, the trooper began a driving under the influence investigation and used a preliminary breath test. Its results provided the basis for probable cause to arrest Anderson. The trooper then administered a certified breath alcohol test, which showed a blood-alcohol content of 0.123. The State charged Anderson with DUI under K.S.A. 8-1567(a) and speeding under K.S.A. 8-1558.

2

Before trial, Anderson moved to suppress evidence, raising several interrelated arguments that characterized the trooper's encounter as an unlawful search. He noted: "As part of the DUI investigation officers subjected the defendant to a search through the use of a preliminary breath device." He then argued: "[A]ny consent allegedly provided by the defendant to the PBT was unlawfully coerced, and therefore, not voluntary."

Anderson, together with the State, requested the district court rule on the suppression motion based on stipulated facts. The parties expressed their "intent" to "frame legal issues" for appellate review. Relevant here, they stipulated to the already-stated fact that "[a]s part of the Trooper's investigation he subjected defendant to a Preliminary Breath Test (PBT) of defendant's deep lung air." Anderson waived a jury trial, explaining if the court denied his motion, he would contemporaneously object and the case would proceed to a bench trial.

The court denied the motion based solely on the stipulated facts without expressly ruling on Anderson's voluntariness argument and found him guilty as charged.

On appeal, Anderson challenged the denial but limited his appeal to a single issue: the voluntariness of his consent to the PBT. And for the first time on appeal, Anderson argued the State failed to prove he voluntarily consented by advancing two related sub-issues: (1) "[D]oes the relatively recent amendment to K.S.A. 8-1012 somehow eliminate the requirement for voluntary consent in order for the PBT results to be admissible?"; and (2) "[W]hat is required to prove voluntary consent, free of [duress] or coercion, in a pre-arrest *Terry* detention, situation involving an vehicle stop," and does an officer's retention of "an individual's driver's license make[] it difficult, if not impossible, for the [S]tate to prove [such] voluntary consent[?]"

3

The State did not respond to these sub-issues but contended Anderson consented to the PBT, which the officer properly conducted under K.S.A. 8-1012(a) (authorizing a law enforcement officer with reasonable suspicion that a person is DUI to request a PBT), because the record contained no indication of duress or coercion. But the stipulation does not indicate whether Anderson consented or whether the officer complied with the statute.

The panel majority determined Anderson did not preserve the voluntariness issue or secure the rulings from the district court needed for appellate review, so it dismissed the appeal. *Anderson*, 2025 WL 290004, at *1, 4-6. The dissent argued the issue was preserved and the record supported appellate review. In the alternative, the dissent contended the case should be remanded for the district court to clarify the factual basis for its denial. 2025 WL 290004, at *10 (Hurst, J., dissenting).

In his petition for review, Anderson challenges the majority's dismissal and urges us to interpret K.S.A. 8-1012 because he believes it is suitable for review as a simple question of law. He emphasizes the parties intentionally submitted the case on stipulated facts to set up this issue for appellate review. In Anderson's view, he adequately raised voluntariness in his suppression motion. The State has not taken a position on preservation.

Our jurisdiction is proper. See K.S.A. 20-3018(b) (providing for petitions for review of Court of Appeals decisions); K.S.A. 60-2101(b) (Supreme Court has jurisdiction to review Court of Appeals decisions upon petition for review).

4

STANDARD OF REVIEW

We exercise "plenary review over whether an issue is properly preserved for appellate review." *State v. Daniel*, 307 Kan. 428, 429-30, 410 P.3d 877 (2018). And to the extent this appeal involves statutory interpretation, this court's review is unlimited. *State v. Union*, 319 Kan. 214, 220, 553 P.3d 320 (2024).

THE ISSUE WAS NOT PRESERVED FOR APPELLATE REVIEW

K.S.A. 22-3216(2), which controls our disposition, provides:  "The motion shall be in writing and state facts showing wherein the search and seizure were unlawful. The judge shall receive evidence on any issue of fact necessary to determine the motion and the burden of proving that the search and seizure were lawful shall be on the prosecution." If a defendant "state[s] facts" alleging an unlawful search, the prosecution must prove the search was lawful, and the district court must receive evidence and decide the motion. In essence, once a defendant adequately asserts an unlawful search occurred, the prosecution bears the burden of production and persuasion to show the search was lawful. See K.S.A. 60-401(d)-(e) (defining "burden of production" as a party's obligation to introduce evidence "on a material issue of fact" and "burden of persuasion" as a party's obligation to carry the burden of proof).

This means if Anderson adequately asserted his unlawful search claim, the district court erroneously denied the motion because the State failed to present any evidence showing the challenged search was constitutionally valid. See *State v. Jones*, 279 Kan. 71, Syl. ¶ 2, 106 P.3d 1 (2005) ("A preliminary breath test . . . is a search subject to the strictures of the Fourth Amendment to the United States Constitution."). On the other hand, if Anderson did not state facts required by the statute, the court acted appropriately.

5

Deciding this question is pivotal in Anderson's case. Unfortunately, the panel majority noted Anderson's noncompliance with the statute only in passing and gave no explanation for why his factual statements were inadequate. See *Anderson*, 2025 WL 290004, at *4-5. The dissent likewise was silent on this point. See 2025 WL 290004, at *6-9 (Hurst, J., dissenting).

In his petition for review, Anderson does not contend his motion satisfied the statute; rather, he insists the parties' stipulation of facts automatically made the issue a legal question suitable for appellate review. This seemingly concedes a factual deficiency with his motion.

Three cases provide useful guidance: *State v. Cheeks*, 258 Kan. 581, 908 P.2d 175 (1995), *State v. Estrada-Vital*, 302 Kan. 549, 356 P.3d 1058 (2015), and *State v. Gray*, 306 Kan. 1287, 403 P.3d 1220 (2017).

In *Cheeks*, the court concluded the defendant's motion to suppress was insufficient to require a hearing because it "merely made a conclusory assertion that evidence was 'obtained through the work product of an unlawful search and seizure' from his car and the motion did not state facts showing *how* the search was unlawful." (Emphasis added.) *Cheeks*, 258 Kan. at 592.

In *Estrada-Vital*, the court held K.S.A. 22-3216(2) requires a defendant to present sufficient factual allegations. The *Estrada-Vital* court explained,

"[T]he suppression of evidence involves a factual component, as well as the legal principles. *It is on the factual side of the analysis that the defendant must carry a portion of the burden.* Statutorily, K.S.A. 22-3216(2) requires that a defendant seeking to suppress evidence must file a written motion which must 'state facts showing wherein the

6

search and seizure was unlawful.' The statute then provides that '[t]he judge shall receive evidence on any issue of fact necessary to determine the motion.' *Obviously, that means it is incumbent upon a defendant to establish the facts necessary to support his or her suppression motion in the district court.* Again, *appellate courts do not make factual findings in the first instance; we only review district court findings.* [Citations omitted.]" (Emphases added.) *Estrada-Vital*, 302 Kan. at 557.

Finally, *Gray* addressed a defendant who sought to exclude evidence allegedly obtained during a traffic stop as a result of racial profiling in violation of K.S.A. 2014 Supp. 22-4609. The *Gray* court clarified the general procedure in K.S.A. 22-3216(2) applied to Gray's suppression motion and confirmed the same procedure governs both constitutional and statutory claims. In doing so, the court noted,

"Initially, [K.S.A. 22-3216(2)] requires that '[t]he motion shall be in writing and state facts showing wherein the search and seizure were unlawful.' Thus, . . . a defendant must state facts showing the procedure to be unlawful—i.e., facts showing: (1) The defendant is a member of a class listed in K.S.A. 2014 Supp. 22-4606(d) and (2) the reasons for arguing that race (or another listed characteristic) was unreasonably used in the decisionmaking process for initiating the stop." *Gray*, 306 Kan. at 1301-02.

In other words, merely asserting a violation of K.S.A. 2014 Supp. 22-4609 is not enough. K.S.A. 22-3216(2) requires the suppression motion identify specific factual circumstances and explain why those circumstances render the search or seizure unlawful.

In sum, *Cheeks* holds conclusory allegations are insufficient; *Estrada-Vital* underscores a defendant must allege sufficient facts to invoke the prosecution's and the district court's obligations; and *Gray* reiterates the defendant must identify specific facts and explain why those facts render the search unlawful. Together, they establish the broader principle that K.S.A. 22-3216(2) is designed to ensure suppression motions rest

7

on a specific factual foundation rather than conclusory or general assertions, requiring the defendant to explain why the search was unlawful under the circumstances. This requirement ensures the State has notice of the basis for a defendant's claim and enables the district court to focus on pertinent legal and factual issues. See *Estrada-Vital*, 302 Kan. at 557-58 (rejecting the defendant's suggestion that "the State must refute all possible theories of unlawfulness that might flow from the stated facts, and . . . that the district court is expected to connect the dots between the stated facts in order to intuit the defense's theory of how they constitute a Fourth Amendment violation").

With these cases in mind, our next step is to more closely examine Anderson's written motion and the stipulation to determine whether he successfully alleged sufficient facts. Recall that his motion to suppress provides that "[a]s part of the DUI investigation officers subjected the defendant to a search through the use of a preliminary breath device" and the legal conclusion that "any consent allegedly provided by the defendant to the PBT was unlawfully coerced, and therefore, not voluntary." Additionally, the parties stipulated that "[a]s part of the Trooper's investigation he subjected defendant to a Preliminary Breath Test (PBT) of defendant's deep lung air."

From these statements, three propositions arise for examination under *Cheeks*, *Estrada-Vital*, and *Gray*: (1) the officer subjected Anderson to a PBT, (2) any consent to the PBT was coerced, and (3) the coerced consent was involuntary. Propositions one and two warrant closer examination, though they are not especially complex. But proposition three is straightforward. It presents a legal conclusion rather than a factual statement.

Proposition one is a factual statement, describing an observable event—the officer's conduct. On appeal, Anderson contends he merely acquiesced, which is not voluntary consent, and argues the State's stipulation to this fact means it failed to meet its burden. But this fact cannot be equated with "mere acquiescence." Here, the term

8

"subjected" simply states the officer administered the PBT without describing Anderson's reaction. It does not suggest whether Anderson complied, consented, or hesitated. It indicates only that the test occurred. So, although Anderson identified a specific factual circumstance, he failed to provide the reason for arguing the trooper's administration of a PBT rendered the search unlawful. See *Gray*, 306 Kan. at 1301.

Moreover, Anderson's reliance on *State v. Jones*, 279 Kan. 71, Syl. ¶ 3, 106 P.3d 1 (2005) ("Mere acquiescence to a preliminary breath test does not establish voluntary consent."), is misplaced. There, Jones argued his consent was involuntary based on the parties' stipulation: "'[The defendant] was not free to leave at this time, that Officer Windholz was detaining him as part of his investigation, that Officer Windholz read [the defendant] the statutory warnings under K.S.A. 8-1012, and . . . [the defendant] did submit to the [PBT].'" *Jones*, 279 Kan. at 72. The stipulation in *Jones* provided at least some factual basis for involuntariness, as the defendant submitted to the PBT while detained, even though the *Jones* court struggled with the minimal record available.

By contrast, the record here is entirely silent on Anderson's conduct. And this court cannot simply supply the omission by inferring acquiescence from the newly advanced allegation that the officer retained Anderson's driver's license. "[A]n appellate court will not speculate as to what the facts might have been and will decline to consider the matter on appeal." *Estrada-Vital*, 302 Kan. 549, Syl. ¶ 2; cf. *State v. Moore*, 283 Kan. 344, 364, 154 P.3d 1 (2007) (refusing to speculate about unestablished facts and rejecting the argument that the State bears the burden under K.S.A. 22-3216[2] to disprove unalleged actions; "Moore asks us to infer that Jimerson used his knife to take out the ashtray. If we are unwilling to draw such an inference, in the alternative he argues that the burden of proof is on the State to prove a legal search . . . . We reject Moore's position.").

9

As for proposition two—"any consent" was coerced—makes a conclusory allegation, not a factual recitation. See *Cheeks*, 258 Kan. 581, Syl. ¶ 8 (conclusory statements are "insufficient to require the trial court to hold a hearing on a defendant's motion to suppress"). It asserts the legal effect of hypothetical facts; namely, what would follow *if* there were to be any consent.

Taken together, Anderson's motion to suppress failed to advance sufficient facts "necessary to support" his claim. See *Estrada-Vital*, 302 Kan. at 557. In other words, it lacks factual statements to allege why the search was unlawful.

Just as troubling, Anderson also failed to secure the district court's ruling suitable for appellate review on the voluntariness issue. See Kansas Supreme Court Rule 6.02(a)(5) (2025 Kan. S. Ct. R. at 36) (each issue must identify "where the issue was raised and ruled on"). Despite Anderson's characterization that the district court's decision is "irrelevant" or "meaningless" on appeal, "an appellate court *reviews* a district court's factual findings . . . [and] conclusion of law." (Emphasis added.) *State v. Bates*, 316 Kan. 174, 183-84, 513 P.3d 483 (2022). And the record is clear that the district court's written denial of the motion did not address voluntariness. See *Anderson*, 2025 WL 290004, at *4 (majority), *7 (Hurst, J., dissenting).

Nevertheless, the panel dissent offers three reasons why this issue was reviewable: (1) the parties' stipulation to the material facts left only a pure question of law; (2) the district court's denial of the suppression motion necessarily entailed a finding of implied consent, allowing any omitted facts to be assumed; and (3) the appellate claim mirrored the same argument he advanced to the district court. *Anderson*, 2025 WL 290004, at *6-9 (Hurst, J., dissenting). But we are not persuaded.

10

First, while parties may stipulate to facts, those facts must provide enough detail for an appellate court to address an issue. *State v. Braun*, 312 Kan. 3, 7-8, 470 P.3d 1286 (2020). Lacking those facts, Anderson's claim is conjecture. This is not a pure legal question but a hypothetical one. Compare *State v. Johnson*, 309 Kan. 992, 995, 441 P.3d 1036 (2019) (permitting parties to raise a new issue on appeal if it is a pure legal question based on established facts and would decide the case), with *State v. Unruh*, 320 Kan. 260, 266, 565 P.3d 825 (2025) (declining review of a newly raised claim due to its inadequate factual record).

Second, the district court's denial of the suppression motion does not necessarily decide voluntariness. Anderson's motion raised several separate but substantially interrelated issues, unlike *Jones*, in which voluntariness was the sole issue. In *Jones*, the district court's denial of the motion without offering any factual findings on consent did not implicate a preservation problem. *Jones*, 279 Kan. at 72, 77.

Third, Anderson's claim changed on appeal from the one presented to the district court. There, he argued "any consent" would be involuntary. But on appeal he asks us to assess voluntariness in a hypothetical in which an officer retained a motorist's license under K.S.A. 8-1012 in light of the Fourth Amendment. See *Estrada-Vital*, 302 Kan. 549, Syl. ¶ 2 (appellate courts "will not speculate as to what the facts might have been").

And as we have already decided, Anderson failed to comply with K.S.A. 22-3216(2), so the proposal by the panel dissent to remand to the district court is improper under Kansas Supreme Court Rule 5.05(b) (2025 Kan. S. Ct. R. at 33) (allowing remand "to make findings of fact" when dismissal depends on a factual issue) because Anderson's case involves more than a factual deficiency in the district court's ruling. Besides, Anderson strongly opposes this remedy. We hold remand is not appropriate.

Finally, the dissent asserts our analysis "eliminates the State's burden to justify presumptively unconstitutional conduct, and . . . places on defendants the burden of filling in gaps or absences in the State's position." Slip op. at 12. We disagree. K.S.A. 22-3216(2) only requires a defendant to initiate a written motion stating "facts showing wherein the search and seizure were unlawful." That has to mean something more than just writing on a piece of paper, "I object." We fail to see why it is unfair or unconstitutional to impose a minimal burden on a defendant to provide the relevant facts. Otherwise, the State is left trying to disprove every possible basis for a defendant's challenge, while defendants can seize the opportunity to evolve their arguments on the fly.

Anderson's case illustrates this point exactly. Before the district court, he did nothing more to advance his objection than allege a search occurred. But his complaint morphed on appeal to assert the officer retained his driver's license, which led him to ask the panel to consider the voluntariness component on an undeveloped record and without prior district court review. The panel's dissent felt compelled to address this argument on the merits, but the buck stops here. That is just not the way our adjudication process should unfold. The statute's plain language controls, and it directs a defendant at the district court level to "state facts." K.S.A. 22-3216(2).

Judgment of the Court of Appeals dismissing the appeal is affirmed.

\* \* \*

ROSEN, C.J., dissenting: I dissent from the majority position because it distorts Fourth Amendment jurisprudence and our statutory law. It eliminates the State's burden to justify presumptively unconstitutional conduct, and it places on defendants the burden of filling in gaps or absences in the State's position.

12

The constitutional principles governing this case are well-established. The Fourth Amendment to the United States Constitution prohibits an officer from performing a warrantless search unless a legal exception justifies that search. *State v. Jones*, 279 Kan. 71, 75-76, 106 P.3d 1 (2005). A preliminary breath test (PBT) is a search. *Jones*, 279 Kan. at 75. Thus, a warrantless PBT is presumptively unconstitutional. See *Katz v. United States*, 389 U.S. 347, 357, 88 S. Ct. 507, 19 L. Ed. 2d 576 (1967) ("searches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment"). One exception that justifies a warrantless PBT is a person's voluntary, knowing, and intelligent consent to submit to the test. *Jones*, 279 Kan. at 76-77.

The relevant statutory law is clear. K.S.A. 8-1012(a) authorizes an officer to ask a person operating a vehicle in Kansas to submit to a PBT. The officer may use the outcome of any resulting PBT in determining whether to arrest the person or request evidentiary testing. K.S.A. 8-1012(b). Previous language in this statute deemed a person to impliedly consent to submit to a PBT by operating a vehicle in Kansas and criminalized a person's refusal to do so. The Legislature amended this language after the Court of Appeals held the State violates the Fourth Amendment by criminalizing the withdrawal of implied consent to submit to a PBT. *State v. Robinson*, 55 Kan. App. 2d 209, 222, 410 P.3d 923 (2017) (ruling in line with *State v. Ryce*, 306 Kan. 682, 698, 396 P.3d 711 [2017], which held it a violation of the Fourth Amendment to criminalize the withdrawal of implied consent to submit to an evidentiary breath test).

The relevant procedural requirements at play are similarly clear. K.S.A. 22-3216(2) requires that a defendant's motion to suppress evidence acquired as a result from an allegedly unconstitutional search be in writing and "state facts showing wherein the search and seizure were unlawful." K.S.A. 22-3216(2). It then codifies the presumptive

13

unconstitutionality of a warrantless search by providing that "the burden of proving that the search and seizure were lawful shall be on the prosecution." K.S.A. 22-3216(2).

The facts in this case are straightforward. An officer pulled Anderson over for suspected traffic violations and witnessed him showing signs of alcohol consumption during the stop. The officer began a driving under the influence investigation and, as part of that investigation, administered a PBT. At some point during the exchange, the officer provided "implied consent advisories." The results of the PBT supplied the probable cause the officer needed to arrest Anderson for driving while under the influence. After the arrest, the officer administered a breathalyzer test. The results from the breathalyzer indicated Anderson had a blood alcohol level of .123. The State charged Anderson with driving while under the influence.

Before the trial, Anderson filed a motion to suppress. He alleged that the State violated his Fourth Amendment right to be free from unreasonable searches by administering a warrantless PBT before his arrest. Consequently, Anderson argued the officers could not rely on the results of that test to arrest him and administer a breathalyzer test. He included a rebuttal to anticipated arguments from the State, asserting that implied consent is not consent for Fourth Amendment purposes.

The State submitted no arguments in response, but it joined Anderson in a stipulation of facts.

The district court denied the motion without analyzing Anderson's argument. It acknowledged Anderson challenged the officer's administration of the PBT and argued that he had not consented to the test. But the court mused that Anderson's arguments had already been rejected by Kansas appellate courts and denied his motion. It cited no authority in support.

14

Anderson appealed the district court's decision and renewed his argument the warrantless PBT was presumptively unconstitutional and he had not consented to the test. A majority of the Court of Appeals rejected his challenge because "Anderson neglected to ensure the district court made sufficient findings of fact to support his arguments" and the district court had not ruled on his claim. Thus, the majority reasoned, the issue was not properly before it. *State v. Anderson*, No. 126,770, 2025 WL 290004, at *5 (Kan. App. 2025) (unpublished opinion).

The majority of this court affirms the lower courts based on yet a third line of reasoning. It concludes the district court made no error in denying Anderson's motion because Anderson failed to comply with K.S.A. 22-3216(2). The majority observes that K.S.A. 22-3216(2) imposes a requirement on a defendant to "state facts" that show the State performed an unlawful search so that "the State has notice of the basis for a defendant's claim and enables the district court to focus on pertinent legal and factual issues." *State v. Anderson*, 321 Kan. ___, ___ (2026), slip op. at 8. It concludes Anderson's motion "lacks factual statements to allege why the search was unlawful" because "it does not suggest whether Anderson complied, consented, or hesitated" to the PBT. Slip op. at 9. Thus, it claims, "although Anderson identified a specific factual circumstance, he failed to provide 'the reason for arguing' the trooper's administration of a PBT rendered the search unlawful." Slip op. at 9.

I disagree with the majority and the lower courts. While each rests its decision on a different basis, I believe all three suffer from a common error: the failure to recognize that a warrantless search is presumptively unconstitutional and, thus, a sufficient "reason for arguing" the PBT was unlawful is that it *happened*. Anderson's motion asserted that an officer administered a PBT before Anderson had been placed under arrest. This established an unconstitutional search in violation of the Fourth Amendment and

15

triggered the State's burden to justify its presumptively unconstitutional action. If the State's position was Anderson consented to the search, through implied consent or otherwise, then it needed to provide the factual and legal support for that argument. It did neither. Consequently, the district court should have ruled in Anderson's favor.

Perhaps the majority has lost sight of the reality that a warrantless search is presumptively unconstitutional. That may be because in so many cases we consider convoluted facts or murky law that require a defendant to provide a more thorough factual recitation to establish the presumption. This was true in all three of the cases the majority relies on to support its position.

In *State v. Estrada-Vital*, 302 Kan. 549, 552, 356 P.3d 1058 (2015), the defendant needed to offer significant factual assertions to establish the illegality of a search when his motion asserted officers had a valid reason to stop his vehicle, nothing was illegally seized from his vehicle, there was a valid reason for arrest, and the search was a lawful search incident to arrest. *Estrada-Vital*, 302 Kan. at 558. Considering those many admissions, the defendant's motion to suppress needed more facts to establish an unconstitutional search before it triggered the State's burden to justify the search. *Estrada-Vital*, 302 Kan. at 558-59.

In *State v. Gray*, 306 Kan. 1287, 403 P.3d 1220 (2017), the defendant moved to suppress evidence obtained during a traffic stop. He argued the stop was the result of racial profiling, in violation of K.S.A. 2014 Supp. 22-4609. This court held that the defendant's motion needed to do more than assert that an officer had violated K.S.A. 22-4609; it needed to assert facts supporting the elements of a K.S.A. 22-4609 violation. 306 Kan. 1287, Syl. ¶ 3.

16

And in *State v. Cheeks*, 258 Kan. 581, 908 P.2d 175 (1995), the defendant summarily asserted that evidence had been obtained through an unlawful search of his car. But the defendant included no details about the alleged search or the circumstances, making it impossible for the district court to ascertain whether the officer had performed an unreasonable search. According to a majority of this court, a traditional search is not always a search when it comes to a vehicle. See *State v. Wilson*, 320 Kan. 411, 416, 569 P.3d 512 (2025) (holding that a drug dog sniff of the exterior of a publicly parked vehicle is not a search and does not run afoul of the Fourth Amendment).

Anderson clearly carried a lower initial burden than the defendants in *Estrada-Vital*, *Gray*, and *Cheeks*. But this is a result of the nature of the search and the substance of Anderson's motion. The officer here administered a PBT of Anderson's deep lung air. This court has unequivocally held that this constitutes a search for Fourth Amendment purposes and is presumptively unlawful unless the State can justify it by proving it had a warrant or an exception applied. Thus, Anderson did not need to offer any additional facts to prove a search occurred or that it was unlawful. And his motion made no concessions that a warrant or an exception made the search reasonable, so he was not required to include additional facts to prove that it was, nonetheless, an unconstitutional search.

In ruling otherwise, the majority imposes a burden on the defendant to supply facts upon which the State can prove its claim. But K.S.A. 22-3216(2) creates no such requirement. Indeed, the majority appears to have created a new rule that stands in stark contrast with our caselaw. This court has been clear that the State carries a burden to "affirmatively show objective facts" if it intends to prove a presumptively unlawful search was legally justified. *State v. Porting*, 281 Kan. 320, 327, 130 P.3d 1173 (2006); see also *State v. Martin*, 318 Kan. 538, 558-59, 544 P.3d 820 (2024) ("When a defendant moves to suppress evidence obtained as the result of a warrantless search, the State bears the burden of showing the lawfulness of the search."); see also *State v. Toliver*, 307 Kan.

17

945, 949, 417 P.3d 253 (2018) ("Although a defendant initiates a constitutional challenge to a search or seizure by filing a motion to suppress in the district court, the State must carry the burden of proving the legality of any challenged search or seizure.").

Today, the majority takes a straightforward case in which the State failed to carry its burden to justify unconstitutional conduct and uses it to dramatically increase a defendant's burden in challenging that conduct. Because I cannot follow it down that path, I dissent.

STANDRIDGE, J., joins the foregoing dissenting opinion.