IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 124,913

PATRICIA NICHOLSON, Individually, and on Behalf of the
HEIRS-AT-LAW OF MARK NICHOLSON, Decedent,
*Appellee*,

v.

AVA MARIE MERCER,
*Defendant*,

and

KEY INSURANCE COMPANY,
*Appellant*.

SYLLABUS BY THE COURT

Subject-matter jurisdiction is the constitutional power of courts in this state to decide disputes. Once properly invoked, that power does not go away simply because a claim is flawed.

Review of the judgment of the Court of Appeals in an unpublished opinion filed April 14, 2023. Appeal from Leavenworth District Court; DAVID J. KING, judge. Oral argument held March 28, 2024. Opinion filed November 27, 2024. Judgment of the Court of Appeals affirming the district court is affirmed. Judgment of the district court is affirmed.

*James P. Maloney*, of Baker, Sterchi, Cowden & Rice, LLC, of Kansas City, Missouri, argued the cause, and *Abbigale A. Gentle*, of Foland, Wickens, Roper, Hofer & Crawford, P.C., of Kansas City, Missouri, and *James D. Oliver*, of Foulston Siefkin LLP, of Overland Park, were with him on the briefs for appellant.

*Dustin L. Van Dyk*, of Palmer Law Group, LLP, of Topeka, argued the cause, and *LJ Leatherman*, of the same firm, was with him on the briefs for appellee.

*Jeffrey A. Wilson*, of DeVaughn James Injury Lawyers, of Wichita, was on the brief for amicus curiae Kansas Trial Lawyers Association.

The opinion of the court was delivered by

STEGALL, J.:  This is an appeal of a garnishment order entered in the district court and affirmed by a panel of our Court of Appeals. Key Insurance Company—the party being garnished—successfully petitioned this court for review. Key raised only the question of subject-matter jurisdiction in its petition. Indeed, in briefing, Key asks that we "go no further than to decide as a matter of law [whether] the district court lacked jurisdiction, without commenting further as to the merits of the case." Because we find answering this question is determinative of the case, we oblige Key's request.

The garnishment action was filed by Patricia Nicholson. Prior to the garnishment, Nicholson's husband was killed in an accident when he was struck on his bicycle by a car driven by Ava Mercer. Mercer was insured by Key. Following the accident, Key provided Mercer with an attorney, but effectively took no other action to defend Mercer. While Nicholson made timely attempts to settle the case for the policy limit, Key drug its feet, requesting multiple extensions. Nicholson finally filed a wrongful death suit, and only then did Key finally offer to settle for the policy limit of $25,000.

Rather than settle, however, Nicholson and Mercer negotiated a pre-judgment assignment to Nicholson of Mercer's rights to sue Key for bad faith (stemming from Key's alleged failure to defend and settle). In consideration, Nicholson agreed not to execute any judgment awarded at trial and Mercer agreed to waive her right to a jury

2

trial. Mercer did not present a defense at trial on the wrongful death action. Key moved to intervene, but its motion was denied. Ultimately, Nicholson won a $3 million verdict against Mercer.

With the assignment of rights in hand, Nicholson asserted Mercer's bad faith claim against Key in a garnishment action. The case went to a bench trial and Key presented a defense on the merits, claiming no bad faith. Key did not file a motion to dismiss or any other dispositive motions arguing that garnishment was statutorily unavailable due to the assignment of rights. The district court ruled against Key on the merits; found that Key's actions, or lack thereof, in handling Mercer's case were in bad faith; and ordered garnishment in the approximate amount of the $3 million judgment.

On appeal, Key raised for the first time its subject-matter jurisdiction defense. Essentially, Key asserts that because garnishment is statutorily impossible following an assignment of rights, the district court lacked subject-matter jurisdiction to entertain Nicholson's garnishment action. The Court of Appeals considered and rejected Key's arguments, relying on over 30 years of precedent from this court. *Nicholson v. Mercer*, No. 124,913, 2023 WL 2941544, at *6-7 (Kan. App. 2023) (unpublished opinion). We agree with the Court of Appeals, but for different reasons. As explained below, we clarify the nature of subject-matter jurisdiction and explain why it exists in this case. Because this is the only issue before us, we affirm the lower courts.

ANALYSIS

Although Key did not raise its jurisdictional arguments before the district court, subject-matter jurisdiction may be raised at any time, whether for the first time on appeal or even on the appellate court's own motion. *Baker v. Hayden*, 313 Kan. 667, 673, 490 P.3d 1164 (2021). If the district court lacked jurisdiction to enter an order, an appellate court does not acquire jurisdiction over the subject matter on appeal. *In re Care &*

3

*Treatment of Emerson*, 306 Kan. 30, 39, 392 P.3d 82 (2017). Parties cannot confer subject-matter jurisdiction by consent, waiver, or estoppel; a failure to object to the court's jurisdiction does not invest the court with the requisite subject-matter jurisdiction. *Chalmers v. Burrough*, 314 Kan. 1, 7, 494 P.3d 128 (2021). Whether jurisdiction exists is a question of law, subject to unlimited appellate review. *City of Wichita v. Trotter*, 316 Kan. 310, 312, 514 P.3d 1050 (2022).

The "judicial power" granted to the courts under article 3, section 1 of the Kansas Constitution is the power to hear, consider, and determine controversies between rival litigants. "Having an actual controversy is key; an abstract controversy does not meet the constitutional standard because courts do not give advisory opinions." *Baker*, 313 Kan. at 672. It is worth noting that identifying controversies often involves the interpretation of statutes—and statutory interpretation presents a question of law over which appellate courts have unlimited review. *Nauheim v. City of Topeka*, 309 Kan. 145, 149, 432 P.3d 647 (2019).

Key argues that the garnishment statutes—K.S.A. 60-719 et seq.—cannot, as a matter of law, apply to parties following an assignment of rights. "[G]arnishment is an extraordinary remedy and may be resorted to only under the conditions and procedures expressly authorized by statute." *Ray v. Caudill*, 266 Kan. 921, 925, 974 P.2d 560 (1999). At issue is the language of K.S.A. 60-732(c)(1) which states:

> "(c) The order of garnishment shall have the effect of attaching:
>
> (1) All intangible property, funds, credits or other indebtedness *belonging to or owing the judgment debtor, other than earnings, which is in the possession or under the control of the garnishee*, and all such credits and indebtedness due from the garnishee to the judgment debtor at the time of service of the order." (Emphasis added.)

Key claims that due to the unique nature of the assignment of rights, there is no property available for attachment. Essentially, Key suggests the assignment of rights from Mercer to Nicholson deprives Mercer of any contractual rights under the insurance agreement, and therefore Key no longer owes anything to Mercer. Because Key does not owe Mercer, the argument proceeds, Key cannot owe Nicholson. Instead, Key insists that any liability it may have to Nicholson can only be recovered directly. And importantly, Key makes the point that in a direct action, it would be entitled to a jury trial on the merits. Put another way, Key is asserting that Nicholson's square peg cannot fit into garnishment's round hole, and such mismatch deprives a court of jurisdiction to hear the claim.

Nicholson responds that garnishment following an assignment is proper based on our court's precedent. See *Glenn v. Fleming*, 247 Kan. 296, 313-19, 799 P.2d 79 (1990) (holding a plaintiff with an assignment of a bad faith claim and covenant not to execute may garnish the insurer for an excess judgment). Nicholson points out that Key's interpretation may create an absurd result: "[*B*]*ecause of the assignment, the only party* [Key] *could owe anything to is Nicholson; and for that reason, it shouldn't owe anything to Nicholson*."

These are interesting arguments, but as we will explain, they have nothing to do with subject-matter jurisdiction. We recognize some imprecise language in our historical precedent which may have led to confusion by the parties and lower courts—and may even be favorable to Key's arguments about jurisdiction. In recent years, however, we have refined and clarified the true nature of subject-matter jurisdiction in Kansas.

In *State v. Dunn*, 304 Kan. 773, 375 P.3d 332 (2016), we reversed a long line of precedent and held that deficiencies in an indictment, complaint, or information did not deprive Kansas courts of subject-matter jurisdiction over criminal cases. Instead, we emphasized that subject-matter jurisdiction is extended to courts by the Kansas

Constitution itself, and an insufficient charging document merely fails to procedurally demonstrate its existence. 304 Kan. at 810-12; see also Kan. Const. article 3, § 6 (vesting district courts with subject-matter jurisdiction as provided by law); K.S.A. 20-301 (granting district courts subject-matter jurisdiction over garnishment actions). Stated another way, under *Dunn*, the State must establish that it has invoked the court's jurisdiction. *State v. Jordan*, 317 Kan. 628, 643, 537 P.3d 443 (2023) (substitution of indictment in place of original complaint was sufficient under *Dunn*); *State v. Scuderi*, 306 Kan. 1267, 1272, 403 P.3d 1206 (2017) (charging document sufficiency does not implicate subject-matter jurisdiction). Thus, charging failures are not of *jurisdictional* significance. *Jordan*, 317 Kan. at 644.

Applying *Dunn* to the question of subject-matter jurisdiction in civil matters, courts must be precise to delineate genuine subject-matter jurisdiction defects from fact- or law-based defenses on the merits of an action. *Towne v. U.S.D. No. 259*, 318 Kan. 1, 5, 540 P.3d 1014 (2024) ("Any contract claim may fail for any number of reasons, and the same can be said of the contract claim made in this case. But that does not mean courts do not have jurisdiction to hear them."). With this in mind, today's case becomes relatively straight-forward. Key's statutory argument may have merit. But we need not, and do not, address it. This is because it is a claim that even if everything Nicholson asserted in the garnishment action were true, she could not obtain the relief sought as a matter of law. This formulation should sound familiar because it is the *sine qua non* of a motion to dismiss.

K.S.A. 2023 Supp. 60-212(b)(6) provides an avenue for litigants to assert that a plaintiff has failed to state a claim. Failing to state a claim, however, *cannot* deprive a court of subject-matter jurisdiction to rule on a 60-212(b)(6) motion. Because Nicholson properly invoked the jurisdiction of the district court to resolve her garnishment claim, the court properly exercised its constitutional jurisdiction to entertain that claim. But

6

entertaining a claim, as all seasoned lawyers know, will often result in a quick dismissal of the claim if the statutory underpinnings of the claim do not afford relief as a matter of law.

Crucially in this case, Key never presented its statutory arguments to the district court. Key is essentially asking us to permit an end-run around our preservation rules by considering legal defenses raised for the first time on appeal under the cloak of a jurisdictional argument. *In re Adoption of Baby Girl G.*, 311 Kan. 798, 801, 466 P.3d 1207 (2020) (generally, issues not raised before the district court cannot be raised for the first time on appeal). Such a limited view of subject-matter jurisdiction would in fact swallow up all merits-based defenses. Anytime a party was entitled to be relieved of liability—either for factual or legal reasons—that party could claim the deciding court lacked subject-matter jurisdiction. But as we have made clear, subject-matter jurisdiction is simply the constitutional power of courts in this state to decide disputes. Once properly invoked, that power does not go away simply because the claim is fatally flawed.

We hold the district court had jurisdiction to hear Nicholson's garnishment action on the merits. The Court of Appeals is affirmed as being right for the wrong reason. See *State v. Brown*, 314 Kan. 292, 306, 498 P.3d 167 (2021) (affirming Court of Appeals as right for the wrong reason).

Judgment of the Court of Appeals affirming the district court is affirmed. Judgment of the district court is affirmed.

BILES, J., not participating.