NOT DESIGNATED FOR PUBLICATION

No. 128,312

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

AHMAURY MALIK SCOTT,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; KEVIN M. SMITH, judge. Submitted without oral argument. Opinion filed February 13, 2026. Affirmed.

*Dylan J. Pryor*, Kansas Appellate Defender Office, for appellant.

*Chelsea Anderson*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Koback*, attorney general, for appellee.

Before BRUNS, P.J., HILL and ATCHESON, JJ.

PER CURIAM: Defendant Ahmaury Scott appeals the decision of the Sedgwick County District Court revoking his probation and requiring him to serve his underlying prison sentence of 49 months on convictions for burglary and theft. Scott contends the State failed to present sufficient evidence supporting the claimed probation violations. He does not challenge the district court's decision to order him to prison assuming the violations were proved. We find the district court made credibility determinations supporting the alleged violations—decisions we decline to second-guess. We, therefore, affirm the district court's revocation order.

1

The State alleged Scott violated his probation in two incidents in which he physically attacked K.W., his then-girlfriend, and, thus, committed the crimes of domestic battery or aggravated domestic battery and in one incident criminal damage to property by breaking down a locked motel room door. Scott disputed the underlying incidents. The district court held separate evidentiary hearings on each one and reserved a final decision until the second hearing.

The district court held the first hearing in mid-April 2024 based on an incident that occurred in early January 2024. The State called K.W. and Wichita police officer Nicole Switzer. K.W. agreed she called 911 but did so only because she wanted Scott to leave her residence and he would not. She testified that Scott did not lay hands on her or otherwise threaten her. Switzer responded to the 911 call and testified to K.W.'s contemporaneous statements to her as the law enforcement officer on the scene. Switzer testified K.W. told her that Scott strangled and punched her in the face during an argument about whether she should go to work. After punching her, Scott laid her on the couch, placed one hand over her mouth and nose and the other around her neck, and squeezed until she could not breathe, according to K.W.'s account to Switzer. K.W. also told Officer Switzer she thought Scott might kill her. K.W. apparently had no visible injuries and declined medical care.

The district court held the second hearing in mid-May 2024, based on an incident in early March 2024 at a local motel. At the second hearing, only K.W. and Scott testified. K.W. testified that she, Scott, and a friend of his she did not know well were drinking at the motel. K.W. testified that she argued with Scott and "ended up putting hands on him." When asked on cross-examination if she put hands on him first, she said she didn't "know how the situation went." K.W. admitted telling responding police officers that Scott put his hands on her throat and strangled her, impeding her breathing.

Scott then left but quickly returned to retrieve his phone charger. K.W. agreed she told the officers he kicked in the locked door when she refused to open it. K.W. testified that she "pushed him" and agreed they engaged in what Scott's lawyer characterized as "mutual fighting." When recalled as a defense witness, K.W. clarified that although she faced the door, she could not actually see who kicked it from her position. She agreed Scott was the first person through the door. Scott testified that K.W. was angry and attacked him. He described grabbing her in self-defense and attempting to restrain her. He testified that his friend Justin kicked in the motel room door. The State introduced photographs of the damaged door and what has been described as K.W.'s "busted" lip. The photographs are not part of the appellate record.

At the conclusion of the second hearing, the district court explained its decision as to each alleged probation violation. As to the January incident, the district court credited Officer Switzer and the contemporaneous account K.W. told her rather than K.W.'s revised hearing testimony. The district court, therefore, found the State had established that Scott committed domestic battery. As to the March incident, the district court credited K.W.'s admission as to what she told the officers at the scene. And the district court, based on circumstantial evidence, found that Scott broke down the door—he wanted to get his phone charger, and he was first through the door, according to K.W. So the district court found Scott committed the crimes of domestic battery and criminal damage to property.

The district court revoked Scott's probation and referred both to his commission of new crimes and to the need to revoke because Scott posed a danger to himself and to the public. The district court ordered Scott to serve the controlling underlying sentence of 49 months in prison. Scott has appealed.

3

On appeal, Scott contends insufficient evidence supported the district court's conclusion that he violated the terms of his probation.

A district court's decision to revoke probation entails two steps: (1) A factual determination, supported by a preponderance of the evidence, that the probationer has violated one or more conditions of probation; and (2) a discretionary determination as to the appropriate disposition in light of any proved violation. *State v. Skolaut*, 286 Kan. 219, Syl. ¶ 4, 182 P.3d 1231 (2008) (components of probation revocation); *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006) (preponderance of evidence standard governs proof of probation violation). Here, Scott rests his appeal solely on the first step in the revocation process. We, therefore, ask whether substantial competent evidence supported the district court's conclusion that Scott violated the terms of his probation. *State v. Inkelaar*, 38 Kan. App. 2d 312, 315, 164 P.3d 844 (2007). We neither reweigh the evidence generally nor make independent credibility determinations. See *State v. Franco*, 49 Kan. App. 2d 924, 936-37, 319 P.3d 551 (2014) (explaining why "evaluating credibility is a function uniquely entrusted to" the fact-finder in the district court and will not be disturbed on appeal).

Here, the district court made reasoned credibility findings adverse to Scott and sufficient to support the alleged probation violations. As a condition of probation, Scott was required to remain law abiding. That really ends the inquiry. Scott raises several subsidiary arguments on appeal. They are unavailing.

• Scott highlights the district court's comment that victims of domestic violence often recant the contemporaneous descriptions of abuse they provide law enforcement personnel. He suggests the district court stepped outside the record evidence in making that observation. But we fail to see how that remark—whether grounded in the record or

not—undercuts the district court's credibility findings, especially in the first incident, where the district court observed both K.W. and Officer Switzer as they testified. And as to the second incident, the district court credited K.W.'s own admissions at the hearing as to what she told officers on the scene.

• Scott tries to argue he is entitled to self-defense immunity under K.S.A. 21-5231. But he has raised this for the first time on appeal, and we need not consider the argument. See *State v. Unruh*, 320 Kan. 260, 265, 565 P.3d 825 (2025). Scott argued self-defense in the district court as to the second incident, but he never asserted statutory self-defense immunity from prosecution. We decline to consider self-defense immunity. The district court made factual findings undercutting Scott's claim of self-defense.

• Scott contends the district court failed to make the particularized findings required to revoke his probation based on public safety considerations or to further Scott's "welfare." K.S.A. 22-3716(c)(7)(A).

Even assuming the lack of particularity, the point fails to establish grounds for relief. The district court also revoked Scott's probation based on his commission of new felonies or misdemeanors under K.S.A. 22-3716(c)(7)(C). That determination alone is sufficient to affirm the district court's decision. And we do so.

Affirmed.