No. 128,634

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

KOWAN PLAIN,
*Appellant*,

v.

KANSAS DEPARTMENT OF REVENUE,
*Appellee*.

SYLLABUS BY THE COURT

1.

A Kansas driver's license may be suspended and simultaneously revoked due to overlapping driving restrictions and penalties.

2.

The Kansas Driver License Compact, found in K.S.A. 8-1212, requires compliance with all three sections of Article V before a Kansas license will issue.

Appeal from Harper District Court; GATEN T. WOOD, judge. Submitted without oral argument. Opinion filed April 10, 2026. Affirmed.

*Kowan Plain*, appellant pro se.

*Charles P. Bradley*, of Legal Services Bureau, Kansas Department of Revenue, for appellee.

Before PICKERING, P.J., SCHROEDER and HURST, JJ.

PICKERING, J.:  If you move to Kansas and apply for a Kansas driver's license while your current state's license is revoked and suspended, it is doubtful you will be issued a Kansas license. Kowan Plain did just that and was denied a Kansas driver's

license. He now appeals the district court's affirmance of the Kansas Department of Revenue's (KDOR) decision not to issue him a driver's license based on pending suspensions and revocation of his Alabama license. Plain argues KDOR erred by applying the incorrect subsection of the Kansas Driver License Compact and violated his constitutional rights. As a matter of first impression, we find no error and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

The facts in this case are not in dispute. Plain applied for a Kansas driver's license, which KDOR denied. In doing so, it noted that Plain's driving record indicated a license revocation on June 22, 2018, which would not preclude his ability to apply for a Kansas license under the Kansas Driver License Compact, K.S.A. 8-1212 et seq. But KDOR also explained that Plain's driving record showed multiple suspensions and advised Plain that his out-of-state suspensions must be resolved before Kansas could issue him a license.

Plain's driving record shows 13 Alabama driver's license suspensions, dating from January 26, 2011, until April 12, 2017. It also shows his license was revoked in Alabama four times: on December 8, 2015; June 8, 2016; December 8, 2016; and June 22, 2018. Finally, his driving record shows Plain's license was canceled in Colorado on March 16, 2020. There are no reinstatement dates listed next to any of Plain's suspensions, revocations, or the Colorado cancellation.

Plain filed a petition for review under the Kansas Judicial Review Act (KJRA), K.S.A. 77-601 et seq. He asserted KDOR made an error of law when it applied Article V, (1) of the Kansas Driver License Compact, K.S.A. 8-1212, instead of Article V, (2). Section 1 prohibits a licensing authority from issuing a license when an individual has an outstanding out-of-state suspension of his or her license. In contrast, (2) prohibits issuance of a license when an individual has an out-of-state driver's license revocation

2

unless that revocation is more than one year old and, after investigation, the licensing authority is convinced it is safe to grant the applicant the privilege of driving.

After a hearing, the district court affirmed KDOR's decision to deny Plain a license. The district court found Plain's suspensions were "continuing in nature and do not show an eligibility or reinstatement date." Similarly, it found Plain's revocations were continuing in nature. The district court concluded that there was no language in the Kansas Driver License Compact that would compel KDOR to choose between Article V, (1) and (2). In other words, the two sections were not mutually exclusive. The district court concluded that Plain failed to carry his burden to show that KDOR's action was "unreasonable, arbitrary, or capricious."

Plain timely appealed.

ANALYSIS

I.   *KDOR Did Not Commit an Error of Law by Applying Section 1 of the Driver License Compact Instead of Section 2*

The KJRA defines the scope of judicial review of state agency actions unless the agency is specifically exempted from the application of the statute. K.S.A. 77-603(a). "The burden of proving the invalidity of agency action is on the party asserting invalidity." K.S.A. 77-621(a)(1). A reviewing court shall grant relief only if it determines:

"(1) The agency action, or the statute or rule and regulation on which the agency action is based, is unconstitutional on its face or as applied;

"(2) the agency has acted beyond the jurisdiction conferred by any provision of law;

3

"(3) the agency has not decided an issue requiring resolution;

"(4) the agency has erroneously interpreted or applied the law;

"(5) the agency has engaged in an unlawful procedure or has failed to follow prescribed procedure;

"(6) the persons taking the agency action were improperly constituted as a decision-making body or subject to disqualification;

"(7) the agency action is based on a determination of fact, made or implied by the agency, that is not supported to the appropriate standard of proof by evidence that is substantial when viewed in light of the record as a whole, which includes the agency record for judicial review, supplemented by any additional evidence received by the court under this act; or

"(8) the agency action is otherwise unreasonable, arbitrary or capricious." K.S.A. 77-621(c).

To the extent resolution of this issue requires statutory interpretation, this presents a question of law over which we have unlimited review. *Nicholson v. Mercer*, 319 Kan. 712, 714, 559 P.3d 350 (2024).

*Discussion*

On appeal, Plain argues that a suspension and a revocation are two different statutes which fall under different sections of Article V of the Driver License Compact. He questions whether one can be both suspended and revoked at the same time.

In contrast, KDOR asserts an individual cannot have any pending suspensions, must serve any required revocation period (or meet an exception), and must surrender any out-of-state licenses before a Kansas license may be issued. It contends that Article V of the Driver License Compact requires compliance with all three sections before a license can be issued.

4

Neither Plain nor KDOR cite to caselaw supporting their respective positions. Indeed, both acknowledge that whether one's driving privileges can simultaneously be suspended and revoked is an issue of first impression.

"The most fundamental rule of statutory construction is that the intent of the Legislature governs if that intent can be ascertained." *Johnson v. U.S. Food Service*, 312 Kan. 597, 600, 478 P.3d 776 (2021). An appellate court must first attempt to ascertain legislative intent through the statutory language enacted, "'giving common words their ordinary meaning.'" *Bruce v. Kelly*, 316 Kan. 218, 224, 514 P.3d 1007 (2022). "When a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent behind that clear language, and it should refrain from reading something into the statute that is not readily found in its words." *Johnson*, 312 Kan. at 600-01.

The policy of the Kansas Driver License Compact is to:

"(1) Promote compliance with the laws, ordinances, and administrative rules and regulations relating to the operation of motor vehicles by their operators in each of the jurisdictions where such operators drive motor vehicles.

"(2) Make the reciprocal recognition of licenses to drive and eligibility therefor more just and equitable by considering the overall compliance with motor vehicle laws, ordinances and administrative rules and regulations as a condition precedent to the continuation or issuance of any license by reason of which the licensee is authorized or permitted to operate a motor vehicle in any of the party states." K.S.A. 8-1212, Article I, (b).

Article V of the Kansas Driver License Compact, K.S.A. 8-1212, states:

"Upon application for a license to drive, the licensing authority in a party state shall ascertain whether the applicant has ever held, or is the holder of a license to drive

5

issued by any other party state. The licensing authority in the state where application is made shall not issue a license to drive to the applicant if:

"(1) The applicant has held such a license, but the same has been suspended by reason, in whole or in part, of a violation and if such suspension period has not terminated.

"(2) The applicant has held such a license, but the same has been revoked by reason, in whole or in part, of a violation and if such revocation has not terminated, except that after the expiration of one year from the date the license was revoked, such person may make application for a new license if permitted by law. The licensing authority may refuse to issue a license to any such applicant if, after investigation, the licensing authority determines that it will not be safe to grant to such person the privilege of driving a motor vehicle on the public highways.

"(3) The applicant is the holder of a license to drive issued by another party state and currently in force unless the applicant surrenders such license."

Plain's driving record shows 12 driver's license suspensions for failure to appear for trial or a court appearance. Under Ala. Code § 32-6-17.1(e), a license "suspended for failure to appear . . . shall be reinstated upon compliance with the notice to appear and the payment of the reinstatement fee." Similarly, Plain's driving record indicates four revocations for driving while revoked. Upon a revocation for driving while the privilege to drive is "cancelled, denied, suspended, or revoked," Alabama's Director of Public Safety has the discretion to revoke the person's license "for an additional revocation period of six months." Ala. Code § 32-6-19(a)(1). In addition, Plain's driving record identifies a suspension for failure to pay his fines and costs and a suspension for failure to maintain liability insurance.

Although Plain's driving record shows the effective date of each suspension and revocation, his driving record does not contain an eligibility date or a reissue date for any

6

of his suspensions or revocations. Instead, it shows Plain's Alabama suspensions are unresolved. Under K.S.A. 8-1212, Article V, (1), KDOR "shall not issue a license" if an individual's driving privileges have been suspended and the "suspension period has not terminated." Nothing in the record suggests Plain's driver's license revocation terminated the suspension of his driver's license. And Plain cites no authority to suggest that his Alabama revocations somehow invalidated his Alabama driver's license suspensions. Failure to support a point with pertinent authority or failure to show why a point is sound despite a lack of supporting authority or in the face of contrary authority is like failing to brief the issue. *In re Adoption of T.M.M.H.*, 307 Kan. 902, 912, 416 P.3d 999 (2018).

Instead, Plain cites Kansas law to argue revocations and suspensions are distinct outcomes and suggests that revocation and suspension cannot exist simultaneously. These arguments are not persuasive for two reasons. First, Plain's driving privileges were suspended by Alabama, not Kansas. Second, Kansas law provides simultaneous suspension and revocation of driving privileges.

K.S.A. 8-1457 defines "'[r]evocation of driver's license'" as:

> "[T]he termination by formal action of the division of a person's license or privilege to operate a motor vehicle on the highways, which termination shall not be subject to renewal or restoration except that an application for a new license may be presented and acted upon by the division after the expiration of the applicable period of time prescribed in K.S.A. 8-256, and any amendments thereto."

In contrast, K.S.A. 8-1474 defines "'[s]uspension of a driver's license'" as "the temporary withdrawal by formal action of the division of a person's license or privilege to operate a motor vehicle on the highways." In other words, once a license is revoked in Kansas, upon completion of the revocation period, an individual must apply for a new license. But an individual's driving privileges are automatically restored upon completion of a driver's license suspension.

7

Three statutes illustrate that suspensions and revocations can have simultaneous effect under Kansas law. When an individual is considered a habitual violator under K.S.A. 8-285, KDOR "shall revoke the person's driving privileges for a period of three years." K.S.A. 2025 Supp. 8-286. And when an individual is convicted of driving under the influence of drugs or alcohol, KDOR "shall suspend, restrict or suspend and restrict the person's driving privileges . . . ." K.S.A. 2025 Supp. 8-1567(k). Under K.S.A. 8-252a(a), when an unlicensed individual is convicted of an offense "which would require the revocation or suspension of such person's driving privileges, if the person had been issued a driver's license by the division," the unlicensed individual's "privilege of obtaining a driver's license issued by the division shall be revoked or suspended."

An individual who is convicted of failing to maintain liability insurance three times within the proceeding five years would be considered a habitual violator. K.S.A. 8-285(a)(8). As a result, the individual's license would be revoked for three years. K.S.A. 2025 Supp. 8-286. That individual is now unlicensed. If, during the three years that individual's license was revoked, the individual was convicted of driving under the influence of drugs or alcohol, KDOR would additionally suspend the individual's driving privileges. K.S.A. 2025 Supp. 8-1567(k); K.S.A. 8-252a.

Here, the district court found Plain's Alabama driver's license suspensions were "continuing in nature and do not show an eligibility or reinstatement date." Similarly, it found Plain's revocations were "continuing in nature and do not show an eligibility or reinstatement date." The district court concluded KDOR must "fully honor the entries from and actions taken by Alabama against [Plain]'s license." The district court was correct. The Kansas Driver License Compact, K.S.A. 8-1212, requires compliance with all three sections of Article V before a Kansas license will issue. Plain is not entitled to relief.

II.    *Plain Did Not Preserve His Eighth or Fourteenth Amendment Claims by Raising Them Before the District Court*

Although he referred to the State's actions as creating a "debtors prison," Plain did not raise issues related to the Eighth and Fourteenth Amendments to the United States Constitution before the district court. Supreme Court Rule 6.02(a)(5) (2026 Kan. S. Ct. R. at 36) requires an explanation for why an issue raised for the first time on appeal is properly before the court. In *Schutt v. Foster*, 320 Kan. 852, 856, 572 P.3d 770 (2025), the Kansas Supreme Court held that "appellants who rely on a preservation exception must invoke that exception and argue that it applies. An appellant who fails to do so is deemed to have waived and abandoned any exceptions to the preservation rule. [Citations omitted.]"

On appeal, Plain does not identify why we should consider his unpreserved Eighth and Fourteenth Amendment claims in his opening brief. In his reply brief, Plain asserts he raised these issues below, citing five different areas of the hearing transcript. Based on our review of the transcript, however, we disagree. Plain did not raise an Eighth or Fourteenth Amendment argument before the district court. He has not preserved this issue for appeal and failed to explain why these issues were properly before the court as required by Rule 6.02(a)(5). Under *Schutt*, we would abuse our discretion by addressing Plain's arguments.

Affirmed.